EZRA H. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13928. Promulgated October 30, 1928.

*Prewitt Semmes, Esq.*, and *Nettie A. Trail, C. P. A.*, for the petitioner.

*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

LOVE: The question for decision is whether the respondent erred in disallowing deductions claimed in the return filed by the petitioner of two amounts of alleged bad debts.

The petitioner was in the real estate business in the taxable year employing salesmen on a commission basis to whom he made advances of cash repayable out of commissions whenever in his opinion the circumstances warranted it. At the end of the taxable year a salesman named Harris, in the employ of petitioner, was in bad condition financially, and he was unable to repay the petitioner for an excess of advances made during the taxable year, amounting to $2,875. The petitioner charged off the amount to profit and loss. The advances were obviously business transactions and not gifts. The question is whether the debt was ascertained to be worthless as provided under section 214 (a) (7) of the Revenue Act of 1921. Harris was a man of ability who had participated in large transactions and who was capable of earning large commissions. He was the victim of the prevailing business depression. He did not deny the obligation and he still promises to pay. A portion of the indebtedness was repaid in 1924. Harris continued in the employ and under the same relations with the petitioner for about ten months after the taxable year. In testifying the petitioner was confused as to this fact, and we believe he may have also been confused in failing to remember any commission earnings in prospect for Harris at the end of the taxable year. The evidence does not convince us that the debt was definitely determined to be worthless at the end of the taxable year and we conclude that the respondent should be sustained.

At various times during the taxable year the petitioner advanced cash to his father, a practicing attorney, although the petitioner was well informed of his father's financial straits and inability to repay the loans. The payments were charged to the account of the father on the books of the petitioner, and at the end of the taxable year the amount thereof, $2,550, was charged off to profit and loss. The loans were not business transactions. The father was not in a position to have secured the loans from strangers. His financial condition was the same during all of the taxable year. The last loan was made a short time prior to the end of the taxable year. The question whether the various advances are deductible is not answered by the testimony of the parties that they considered them loans which were expected to be repaid. We have previously held that circumstances may show "loans" to have been practically gifts, and such are not deductible from income. Cf. *Richard M. Page*, 2 B. T. A. 1316; *Max Baumann et al., Executors*, 8 B. T. A. 107; *Charles H. Sooy*, 10 B. T. A. 493 (495). Certainly the loans were no more worthless at the end of the taxable year than they were at the moment they were made. We conclude that the respondent did not err in disallowing the deduction.

*Judgment will be entered for the respondent.*